# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| STEVEN D. PRELUTSKY,<br><br>   **Plaintiff,**<br><br>v.<br><br>GREATER GEORGIA LIFE<br>INSURANCE COMPANY,<br><br>   **Defendant.** | 1:15-cv-628-WSD |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Steven D. Prelutsky's ("Plaintiff") Amended Motion for Attorneys' Fees [28].

### I. BACKGROUND

Plaintiff brought this action seeking review, under the Employee Retirement Income Security Act of 1974 ("ERISA"), of Defendant's denial of long term disability ("LTD") benefits. Plaintiff was denied LTD benefits on the grounds that his injury was caused by, resulted from, or related to his being intoxicated. On August 8, 2016, the Court issued its Order [25] reversing Defendant's decision to deny LTD benefits. The Court found that Defendant Greater Georgia Life Insurance Company ("Defendant") failed to perform an investigation sufficient to

support that Plaintiff's disability was caused by, resulted from or related to his intoxication.

On August 22, 2016, Plaintiff filed his Motion for Attorneys' Fees [27]. On August 31, 2016, he filed his Amended Motion for Attorneys' Fees, fixing a computational error in the amount of claimed back benefits due. Plaintiff seeks back benefits of $291,798, pre-judgment interest, and attorneys' fees. Defendant opposes Plaintiff's request for attorneys' fees.

## II. DISCUSSION

Pursuant to ERISA's fee-shifting provision, a district court, "in its discretion may allow a reasonable attorney's fee and costs of action to either party," 29 U.S.C. § 1132(g)(1), if that party achieved "some degree of success on the merits." Hardt v. Reliance Standard Life Ins. Co., 560 U.S. 242, 255 (2010). This standard requires more than "trivial success on the merits" or a "purely procedural victory." Id. Once it is established that a party had "some degree" of success, the Eleventh Circuit requires district courts to consider five factors when deciding whether to award fees to a prevailing party:

(1) the degree of the opposing parties' culpability or bad faith;

(2) the ability of the opposing parties to satisfy an award of attorney's fees;

(3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances;

(4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; [and]

(5) the relative merits of the parties' positions.

AirTran Airways, Inc. v. Elem, 767 F.3d 1192, 1201 (11th Cir. 2014) (quoting Freeman v. Continental Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993)). "No one of these factors is necessarily decisive, and some may not be apropos in a given case, but together they are the nuclei of concerns that a court should address in applying Section 502(g)." Iron Workers Local No. 272 v. Bowen, 624 F.2d 1255, 1266 (5th Cir. 1980).[1]

It is uncontested here that Plaintiff achieved "some degree of success on the merits." See Hardt, 560 U.S. at 255. The Court next considers the five factors. As to the first factor, the Court finds that there is no evidence that Defendant acted in bad faith in denying LTD benefits and engaging in litigation, and that its decision was grounded in a plausible interpretation of the facts and the language of the plan. The second element tips in favor of awarding attorneys' fees, because Defendant

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

3

does not appear to contest that it is able to satisfy an attorneys' fee award. Because Defendant's decision was grounded in a plausible interpretation of the facts and the plan language, the third and fifth elements tip in favor of denying attorneys' fees. Regarding the fourth factor, Plaintiff admits he did not file his action for the benefit of other participants in his firm's benefits plan, but he claims the case resolves a significant legal issue. The Court disagrees, and finds the fourth factor tips in favor of denying attorneys' fees. Having weighed the factors, the Court finds attorneys' fees are not warranted here, particularly in light of the fact that Defendant did not deny benefits or engage in litigation in bad faith. Plaintiff's Motion is denied with respect to attorneys' fees.[2]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Steven D. Prelutsky's ("Plaintiff") Amended Motion for Attorneys' Fees [28] is **GRANTED IN PART**

---

[2] Plaintiff also seeks prejudgment interest. The Eleventh Circuit has held that the "award of an amount of prejudgment interest in an ERISA case is a matter 'committed to the sound discretion of the trial court.'" Florence Nightingale Nursing Serv., Inc. v. Blue Cross/Blue Shield, 41 F.3d 1476, 1484 (11th Cir.1995) (quoting Moon v. Am. Home Assurance Co., 888 F.2d 86, 89-90 (11th Cir.1989)). The Court finds Plaintiff is entitled to prejudgment interest to ensure he receives full redress. Plaintiff seeks prejudgment interest at a rate of 6.5%. Plaintiff's motion for prejudgment interest is granted.

and **DENIED IN PART**. Plaintiff's Motion is **GRANTED** with respect to his request for prejudgment interest at the rate of 6.5%. Plaintiff's Motion is **DENIED** with respect to his request for attorneys' fees.

**SO ORDERED** this 16th day of May, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE